JOHN MILLER v. THE STATE.

*No. 202.   Decided June 10.*

1.   **Charge of Court — Special Requested Instructions.** — It is not error to refuse a special requested instruction upon an issue which has been fully and sufficiently submitted in the general charge of the court.

2.   **Same — Recent Possession.** — Where the court instructed the jury, "that the possession of recently stolen property is a circumstance that may be lawfully considered in determining whether the possessor was the person stealing such property, if any one did, but in order to be so considered the possession, if any, should be recent, should be personal, exclusive, and involve a conscious assertion of ownership, and unexplained:" *Held*, the charge is in substantial

conformity with the approved forms for a charge on such issue, and is not obnoxious to the objection that it is "unintelligible."

**3. Practice—Postponement of Trial to Conclude the Unfinished Trial of Another Cause.**—The court being engaged in the trial of one criminal case, was compelled to postpone further proceedings for a witness, for whom an attachment had been issued returnable instanter. Appellant's case was called while awaiting the bringing in of this witness, and both parties having announced ready. the trial proceeded; when, after an examination of one witness, the attached witness in the former case was brought in, whereupon the court postponed the trial in this case, retired the jury, and resumed and finished the first case, after which the trial of this case was again taken up and concluded. *Held*, that while these facts show irregularity in this trial, it is not such irregularity as would warrant a reversal, in the absence of a showing of injury resulting therefrom.

**4. Fining Counsel in Presence of Jury.**—It is not reversible error for the court to fine counsel, in the presence of the jury, for improper remarks or conduct, he being responsible for any injury resulting to his client from being fined.

APPEAL from the District Court of Jones. Tried below before Hon. C. P. WOODRUFF.

On a trial under an indictment charging him with a nighttime burglary, appellant was convicted, and his punishment assessed at two years confinement in the penitentiary.

It is unnecessary to give a statement of the facts adduced in evidence. The facts pertaining directly to the questions passed upon in the opinion of the court need no additional statement from the record. The charge of the court upon recent possession, which was complained of by defendant, as unintelligible, is set forth in the second paragraph of the syllabus above.

*C. M. Christenberry*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment assessed at two years in the penitentiary.

1. The court did not err in refusing the special charge asked by appellant, inasmuch as the issue of purchase was submitted in the general charge of the court. Lynch's case, *ante*, 45.

2. Appellant complains that the charge of the court upon "the possession of recently stolen property" is unintelligible, and a jury should be charged in plain and simple language. The charge complained of has been many times approved by this court. Willson's Crim. Stats., sec. 1299.

3. Appellant complains of irregularity in the trial, in this, that after hearing the first witness testify, the court stopped the cause, and retired

the jury, and finished the trial of another cause. The court explains this by stating that he was trying the case of The State of Texas v. Dave Thom, and being compelled to stop the cause for a witness for whom an attachment was issued, he retired the jury in the Thom case, and called this case for trial, in which both parties announced ready, and went to trial, and they had finished with one witness when the witness in the Thom case was brought in, and the court retired the jury in this case, and finished the Thom case in three hours, when he again returned to the trial of this cause. While it is irregular for the court, in trying one case, to call another, yet we do not see how appellant can complain. Counsel announced ready for trial, presumably knowing of the other case on trial, and awaiting a witness' arrival, and can not complain of being delayed until the conclusion of the first trial, especially in the absence of a showing of an injury resulting therefrom.

4. Counsel complains of the conduct of the court in fining counsel, in the presence of the jury, while attempting to state his objections to postponing the cause, as being calculated to injure appellant. It seems that when the court decided to postpone this cause, and finish the trial of the Thom case, counsel for appellant objected, and arose to state his objections, when the court stated that he did not wish to hear them, and when counsel insisted on being heard the court stated he would give counsel fifteen minutes to prepare a bill of exceptions. Counsel replied he could have two hours, if necessary. Thereupon the court entered a fine of $25, and ordered counsel into the custody of the sheriff, after the trial of the case, until fine and costs were paid. The uniform courtesy that prevails between the bar and bench of the State seldom renders it necessary for this court to pass upon questions of this character. While counsel rarely trespass intentionally upon the respect due to the court, they are often led, from the earnestness and intensity of their advocacy, into hasty and inconsiderate expressions; but the true judge, intent only upon the law, impartial and patient, disregards what he sees is only the ebullition of excitement, and not a want of respect. He never forgets that the members of the bar are his brethren, upon whose intelligence, industry, and honor he must rely in tracing the law, and the power to impose a fine should be resorted to only in extreme cases. Still, the judge must preserve the dignity of his court, and regulate the order of business. It is not shown in this case that fifteen minutes is not sufficient to prepare a bill of exceptions. The remark of counsel was improper, and the manner and tone in which counsel made his remark may have added grave impropriety to it, and in this case may have justified the order of the court. Counsel was in the wrong, in insisting on arguing a case after the judge declined to hear further argument, and was in the wrong in stating to the court he would have two hours, instead of fifteen minutes allowed by

the court, and is therefore responsible for any injury resulting to his client from his having been fined; and if fining counsel is a ground for reversal, it is not so in this case.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.